IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**PETER D. KAROFTIS**

    **Plaintiff,**

v

Hon.
Case No.:

**NEW PENN FINANCIAL, LLC d/b/a
SHELLPOINT MORTGAGE SERVICING and
PYOD, LLC**

    **Defendant.**

_____/

LAW OFFICES OF BRIAN P. PARKER, PC
Brian P. Parker (0980668)
Attorney for Plaintiff
30600 Telegraph Rd., Ste. 1350
Bingham Farms, MI 48025
Tel: (248) 642-6268
Fax: (248) 642-8875
brianparker@collectionstopper.com
www.collectionstopper.com

_____/

## COMPLAINT AND DEMAND FOR JURY

NOW COMES Plaintiff, **PETER D. KAROFTIS,** by and through counsel, The Law Offices of Brian Parker, PC, brings this action against the above listed Defendants, **NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING and PYOD, LLC,** on the grounds set forth herein:

### I. PRELIMINARY STATEMENT

Plaintiff brings this action for damages based upon the Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692 *et seq.* and The Florida Consumer Collection Practices Act (FCCPA), 559.55 et seq.

## II. PARTIES

1.

The Plaintiff, **PETER D. KAROFTIS** is a natural person and consumer and a resident of Pasco County, State of Florida as defined by 15 U.S.C. 1692a, and a "consumer" as defined by the FDCPA.

2.

The Defendant, **NEW PENN FINANCIAL, LLC ("SHELLPOINT")** is a is a division of Resurgent Capital Services, L.P., a debt collector and servicer of consumer loans, and a foreign corporation doing business in Florida and nationwide with a resident agent in Plantation, Broward County, Florida.

3.

The Defendant, **PYOD, LLC** is foreign limited liability company incorporated in Delaware with a Registered Agent and Address in Tallahassee, Florida.

4.

The Defendants debt collectors under 15 U.S.C. § 1692a(6)(F)(iii) in that they received the debts in this action after the Plaintiff had allegedly defaulted on the home loan back in 2006 with American General Finance.

## III. JURISDICTION AND VENUE

5.

This court has jurisdiction over this Complaint pursuant to the FDCPA, 15 U.S.C. Sec. 1692k(d), 28 U.S.C. Sec. 1331 and 28 U.S.C. Sec. 1367. Venue in this judicial district is proper because the pertinent events took place here at Plaintiff's home through letters.

## IV. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

6.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. 1692.

7.

Under the FDCPA, a consumer is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. 1692a(3).

8.

Under the FDCPA, debt means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. 1692a(5).

9.

Under the FDCPA, "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. 1692a(6).

10.

Defendants are debt collectors because at the time it received the American General Finance servicing rights, the mortgage loan it was servicing was in default. 15 U.S.C. Sec. 1692a(6)(F)(iii).

11.

A debt collector may not violate the FDCPA, 15 U.S.C. 1692f by using unfair or unconscionable means to collect or attempt to collect any debt. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys 'fees as determined by the Court and costs of this action. 15 U.S.C. 1692k.

## FLORIDA CONSUMER COLLECTION PRACTICES ACT *(FCCPA)*

12.

The Florida Consumer Collection Practices Act (FCCPA), 559.55 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

13.

A Debt Collector means any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term "debt collector" includes any creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts. Florida Statutes, Sections 559.55 (6).

14.

"Debtor" or "consumer" means any natural person obligated or allegedly obligated to pay any debt. Florida Statutes, Sections 559.55 (2).

15.

"Debt" or "consumer debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Florida Statutes, Sections 559.55 (1).

16.

Prohibited acts by debt collectors or collection agencies under Florida Statutes, Sections 559.72, include:

(7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family; and

(6) Disclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact. If a disclosure is made prior to such reasonable dispute having been asserted and written notice is received from the debtor that any part of the debt is disputed and if such dispute is reasonable, the person who made the original disclosure shall reveal upon the request of the debtor within 30 days the details of the dispute to each person to whom disclosure of the debt without notice of the dispute was

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist;

### 17.

Under Florida Consumer Collection Practices Act, 559.77 et seq.(1 and 2) A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In an action brought pursuant to subsection (1 and 2), in determining the Defendant's liability for any additional statutory damages, the court shall consider the nature of the Defendant's noncompliance with 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

## V. FACTUAL ALLEGATIONS

### 18.

On or around January 31, 2014, Plaintiff filed a Dismissal of a previous lawsuit between Plaintiff and Resurgent Mortgage Servicing. This case was resolved in a way where Mr. Karoftis would never have hear from any other debt collector regarding this debt again. **Please See Exhibit 1**.

### 19.

On February 14, 2014, Defendant **SHELLPOINT** sent a letter notifying Mr. Karoftis that Shellpoint Mortgage Servicing was the new servicer of his account with a Loan Number ******6422, the same as the Account Number in the case with Resurgent Mortgage Servicing. The letter also provided that Mr. Karoftis owed $1,077.57 and provided him with ways to pay

the debt. **Please See Exhibit 2**.

20.

In the letter at **Exhibit 2**, Mr. Karoftis was advised that PYOD, LLC still owned the debt as it did in the first case at **Exhibit 3**.

21.

On or around February 24, 2014, Mr. Karoftis sent Shellpoint Mortgage Servicing a letter disputing the debt asking the Defendant to validate the debt under the FDCPA and cease and desist from contacting him again until validated. The letter also asked for the name and address of the current creditor, original creditor and amount of debt owed. This letter was sent certified and was received by Shellpoint Mortgage Servicing on January 27, 2014. **Please See Exhibit 4**.

22.

On March 14, 2014 Mr. Karoftis received a letter from Defendant, confirming they had received his dispute and validation letter on February 24, 2014 and was told that his loan was transferred from Resurgent Mortgage Servicing, and that the loan had originated with General Financing on November 13, 2006. Mr. Karoftis was told that he now owed $1,303.76 to Defendant PYOD. **Please See Exhibit 5.**

23.

Plaintiff is still unable to find out what right Shellpoint has to collect on the debt and he is confused as to why Shellpoint is sending him letters that don't match his validation requests that Shellpoint advised him he had the right to make. Plus, as a result of the previous case, he does not owe the debt to PYOD, Shellpoint or anyone else but they won't stop contacting him.

24.

As a result of Defendants' wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA and FCCPA.

## VI. CLAIMS FOR RELIEF

### Count 1-Fair Debt Collection Practices Act

25.

Defendant violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

a. Defendant violated 15 U.S.C. 1692e **(2)** (A) with the false representation of—the character, amount, or legal status of any debt as shown above in **Exhibit 2-5**; and

b. Defendants violated 15 U.S.C. 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt as stated above and in **Exhibit 2-5**; and

c. Defendants violated 15 U.S.C. 1692g(b) by continuing to contact the Plaintiff without first validating and verifying the debt as requested by Plaintiff FDCPA as stated above.

d. Defendants violated 15 U.S.C. 1692e(10) with the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer as stated above.

e. Defendants violated 15 U.S.C. 1692e(12) with the false representation or implication that accounts have been turned over to innocent purchasers for value.

### Count 2-FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA)

26.

Defendant has violated the FCCPA. Defendant's violations of the FCCPA include, but

are not necessarily limited to the following:

a. Defendants violated FCCPA, 559.72(7) by willfully harassing Plaintiff with repeated contact regarding a debt Defendants know not to be legitimate as mentioned above;

b. Defendant PYOD LLC violated FCCPA, 559.72(6) Failing to disclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.

c. Defendants violated FCCPA, 559.72 (9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist;

d. Defendants violated FCCPA, 559.72 (5) Disclose to a person other than the debtor or her or his family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false;

27.

As a result of the actions of Defendants, Plaintiff hired the undersigned counsel. Counsel has been an attorney in good standing for almost 20 years and has handled thousands of consumer cases, personally. Counsel is known in his field of a consumer advocate and a competent, experienced consumer trial attorney. As a result, counsel's time is billed at the reasonable rate of $350.00 an hour.

28.

Plaintiff seeks judgment against the Defendants in whatever amount that Plaintiff is entitled including actual damages, consequential damages, punitive damages and the costs and expenses of this action under the FDCPA and FCCPA.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A.  Compensatory damages and actual damages under the FDCPA and FCCPA;

B.  Statutory damages under the FDCPA and FCCPA;

C.  Attorney fees and costs incurred in this action pursuant to the FDCPA and FCCPA;

D.  Actual damages under the FDCPA and FCCPA:

E.  Demand that the case be tried before a Jury;

F.  Such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: March 25, 2014

/s/ Brian Parker
BRIAN PARKER (0980668)
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PETER D. KAROFTIS

    Plaintiff,

v

    Hon.
    Case No.:

SHELLPOINT MORTGAGE SERVICING and
PYOD, LLC

    Defendant.

_____/

LAW OFFICES OF BRIAN P. PARKER, PC
Brian P. Parker (0980668)
Attorney for Plaintiff
30600 Telegraph Rd., Ste. 1350
Bingham Farms, MI 48025
Tel: (248) 642-6268
Fax: (248) 642-8875
brianparker@collectionstopper.com
www.collectionstopper.com

_____/

## PROOF OF SERVICE

The undersigned certifies that he personally filed Complaint and Jury Demand along with this Proof of Service using the CM/ECF filing system for the Southern District of Florida, on March 25, 2014.

                                      /s/Brian P. Parker
                                      Brian P. Parker